## SPEAR vs. FULLER.

Where a lease was given, covenanting that the lessee should pay certain rent and taxes, and should make no strip, or waste, nor lease or underlet the premises without the consent of the lessor; and providing that the lessor might re-enter and expel the lessee, if he failed in the payment of the rent and taxes, or if he committed waste,—*held* that an assignment of the lease was not a forfeiture, but gave the lessor merely a claim for damages.

A breach in the condition of a deed, which is not a limitation but gives a mere right of re-entry, does not avoid the estate. The estate is terminated solely by the re-entry of the lessor.

An assignment of a lease, though made against the terms of the instrument, passes a subsisting title, though subject to be defeated; and is a sufficient consideration for a note.

ASSUMPSIT on a joint and several note, dated 24th February, 1833, for $50, with interest, payable to the plaintiff, or his order, in six months, signed by Roger Fuller and the defendant.

The circumstances under which the note was given were as follows: On the 15th January, 1833, one William Durant leased by indenture to Spear, the plaintiff, a certain tavern stand situated in Dunstable, known by the name of the Pollard Tavern, for the term of five years from the 1st of March (then) next. The expressions in the lease are as follows: " To hold for the term of five years from the first 'day of March next, yielding and paying therefor the rent 'of three hundred and fifty dollars annually; to be paid in 'quarterly payments, and to quit the same upon three months' 'notice before the expiration of any of said five years after 'the first, upon receiving suitable compensation therefor; in 'which case he may dispose of his produce on hand as he 'shall see fit. And the said lessee doth promise to pay the 'said rent in quarterly payments as aforesaid, and to spend 'thereon all the hay, grain and fodder raised on said premises, 'during said term; and to quit the same upon notice afore-

' said on receiving a suitable compensation therefor as above
' expressed ; and to quit and deliver up the premises to the
' lessor, or his attorney, peaceably and quietly, at the end of
' the term, in as good order and condition—reasonable use
' and wearing thereof, fire and other unavoidable casualties,
' excepted—as the same now are or may be put into by the
' said lessor ; and to pay the rent as above stated and all
' taxes and duties levied, or to be levied thereon, during the
' term, and for such further time as the lessee may hold the
' same, and not make or suffer any waste thereof, nor lease
' nor underlet, nor permit any other person or persons to oc-
' cupy or improve the same, or make or suffer to be made any
' alteration therein but with the approbation of the lessor
' thereto in writing having been first obtained ; and that the
' lessor may enter to view and make improvements, and to
' expel the lessee, if he shall fail to pay the rent and taxes
' as aforesaid, or make or suffer any strip or waste thereof."

On the 24th of February, 1833, Spear assigned said lease
to Roger and Augustus R. Fuller, the defendant, by the fol-
lowing words endorsed on the back of said instrument :
" This may certify that for the sum of fifty dollars, paid to
' me by Roger and Augustus Fuller, I do hereby transfer the
' within lease to the said Fullers, to have and to hold all the
' privileges and appurtenances thereto belonging, the same
' as though they had received the same from said Durant.

SAMUEL B. SPEAR."

" *February* 24, 1833."

For this transfer the note declared on was given. No
consent, either verbally or in writing, on the part of Durant,
was proved to the transfer, but it appeared that Durant,
when applied to by the Fullers, refused to let them, or either
of them, in on the said lease.

A bargain was afterwards made with Durant for a lease of
the place at a less rent than was secured in the lease to
Spear ; and on the 14th of March, 1833, a lease was given
by Durant to Roger Fuller for five years from the first of

said March; and in the bargain the lessee was to purchase furniture of Durant to the amount of three or four hundred dollars.

The defendant's counsel contended that the note in suit, which was given for the assignment aforesaid, was without consideration. A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court on the above case.

*Preston and Farley*, for the plaintiff.

*C. H. Atherton*, for the defendant.

UPHAM, J., delivered the opinion of the court.

There is no doubt that a lease is assignable, whether the term *assigns* be inserted or not.

In this case, the lease in its terms runs merely to the lessee, and not to him and his assigns; and in addition, there is a clause in the lease that the lessee is not to assign or underlet; but the lease does not expressly make it a condition of reëntry or forfeiture, in case such an assignment should be made.

There are other parts of the contract, however, which are technically conditions, and which operate, at the election of the lessor, as a forfeiture of the lease. Thus, it is provided that the lessor may enter and expel the lessee if he shall fail to pay the rent and taxes, or if he shall make any strip, or waste; but the lease does not give such a right of reëntry in case of assignment.

This omission seems to be hardly consistent with the idea that an assignment of the lease was designed by the parties to give a right of forfeiture or to furnish a cause for reëntry; the more natural construction of the terms of the lease would be that it was designed to furnish an independent claim for damage arising from such assignment, rather than to make it the occasion of the forfeiture of the lease. Thus

in *Platt on Covenants* 424 ( 3 *Law Library* 189 ) it is said that in the absence of a proviso for reëntry, the lessor would possess no such power, the mere covenant not to assign enabling him to sue for damages only ; and *Wilson* vs. *Phillips*, 2 *Bing*. 13, and 9 *J. B. Moore* 46, are cited as authorities.

These authorities go the point that a covenant not to assign is not necessarily a condition a breach of which would incur a forfeiture ; and if there is any case where such a clause has not this effect, the clause in this lease would seem to afford an instance of this kind as other causes of reëntry and forfeiture are specified, and this is omitted.

A breach in the condition of a deed will not, *ipso facto*, defeat the estate, but will only give power to the grantor, his heirs or assigns, to reënter, and by such reëntry to avoid the estate.   *Comyn's Land. and Ten.* 104, (6 *Law Library* 59) *Co. Lit.* 214 *b. ;* 32 *Hen.* 8, *Chap.* 34 ; 4 *Kent's Com.* 126.

If the lease still subsisted in force after the assignment, subject only to be defeated on reëntry, it would furnish a sufficient consideration for the note in suit.   It would, at all events, be a valid assignment against Spear.   The assignment by the lessee would be a perfect bar against him ; so that whatever might be the effect of the assignment against Durant, the original lessor, we have no doubt that the lessee, Spear, parted with a valuable interest ; at least he parted with all his claim to the premises, which is a sufficient consideration for the note in suit.

It seems to have operated as a valuable consideration in this case, in another respect, as the defendant was thereby enabled to close a contract with Durant which he could not have done, unless he had thus purchased, or procured the assent of Spear ; but this is immaterial, if the other view is correct.

We find no authorities contradicting the view we have taken, as to the effect of this assignment ; and the authori-

ties on this point which will be found collected in *Woodfall's Land. and Ten.* 260, go to sustain our position as to the consideration of such a transfer.

*Judgment for the plaintiff.*